Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In the Matter of                                :        Case No. 01-B-15472 (SMB)
                                                         Chapter 11 (Confirmed)

BEST PAYPHONES, INC.,                           :

            Reorganized Debtor.                 :        BC 08.0083
------------------------------------------------------------x

FINAL JUDGMENT

Manhattan Telecommunications Corporation d/b/a MetTel having filed an amended proof

of claim (the "Claim") dated February 11, 2002 against debtor Best Payphones, Inc. ("Best")

seeking $406,157.00 plus an unliquidated amount; and

Best having filed an objection to the Claim on August 2, 2002, which was subsequently

amended, in which it asserted various defenses to the Claim (the "Defenses") and various setoffs

(the "Setoffs"); and

All of the issues raised in the Claim and Defenses having been determined by the Court

in orders and judgments dated December 30, 2002, May 2, 2005, and May 17, 2007 (together

referred to as the "Orders"); and

All of the issues raised in the Setoffs having been resolved pursuant to a Stipulation and

Order dated February 14, 2008; it is

ORDERED, ADJUDGED, AND DEGREED that final judgment be entered in favor of

MetTel and against Best in the amount of $388,988.76 as follows:

A.      Pursuant to the December 30, 2002 Order Granting In Part
        and Denying In Part MetTel's Motion for Summary Judgment

        1.      MetTel's claim for $32,344.12 based on an account stated under the November

1998 agreement between Best and North American Telecommunications Corporation

("Natelco") is allowed as to $26,959.41, together with interest thereon pursuant to CPLR

§ 5001(a) at the rate of 9 percent per annum from December 1, 1999 through October 23, 2001,

in an aggregate amount of $31,561.21.

2.    MetTel's claim for $41,703.01 based on an account stated for telephone service

provided by Natelco under the December 8, 2000 agreement between Best and Natelco (the

"December 2000 Natelco Agreement"), is allowed together with interest thereon, pursuant to

Section 4 of the December 8, 2000 Natelco Agreement, at the rate of 1.5 percent per month from

April 1, 2001 through October 23, 2001, in an aggregate amount of $45,917.81.

3.    MetTel's claim for $103,490.20 based on an account stated for telephone service

provided by MetTel under the December 2000 Natelco Agreement is allowed as to $28, 783.91

together with interest thereon, pursuant to Section 4 of the December 2000 Natelco Agreement,

at the rate of 1.5 percent per month from May 1, 2001 through October 23, 2001, in an aggregate

amount of $31,268.91.

B.    Pursuant to the May 2, 2005 Order Granting Legal Fees and Expenses

1.    MetTel's claim for attorneys' fees and expenses incurred in executing on the state

court judgments of May 9, 2001 and June 29, 2001 and defending Debtor's appeal from such

judgments is allowed in an aggregate amount of $53,308.40, together with interest at the rate of 9

percent per annum from July 1, 2002 pursuant to CPLR § 5001(a) and (b).

C.    Pursuant to the May 17, 2007 Judgment

1.    MetTel's claim for damages arising from Best's breach of the December 2000

Natelco Agreement, is allowed in the amount of $238,082.43 with interest thereon at the

statutory rate set forth in N.Y.C.P.L.R. § 5001(b) of 9 percent per annum from October 1, 2001

through October 23, 2001 in an aggregate amount of $239,432.43.

D.    Pursuant to the February 14, 2008 Stipulation
      and Order With Respect to Setoffs

          1.    Best is entitled to a credit (the "Credit") in the total aggregate amount of

$12,500.00 (without interest) which shall be applied against the amount of the allowed MetTel

Claim pursuant to Paragraphs A, B, and C above as of the Chapter 11 petition date, as

determined by the Orders, subject to any appeals from the Orders.  The sole effect of the Credit

shall be to reduce the allowed MetTel Claim pursuant to Paragraphs A, B, and C above as of the

Chapter 11 petition date.

Dated: New York, New York
       March 19, 2008

                                        /s/   STUART M. BERNSTEIN
                                        Chief United States Bankruptcy Judge