UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In the Matter of                                          :    Case No. 01-B-15472 (SMB)
                                                               Chapter 11
BEST PAYPHONES, INC.,                                     :

              Debtor.                       :
------------------------------------------------------------x
BEST PAYPHONES, INC.,                                     :

              Debtor-Appellant,             :    Docket Nos. 07-CV-6170
                                                                           08-CV-2554 (PKC)
  -against-                                              :

MANHATTAN TELECOMMUNICATIONS                              :
CORPORATION,
                                                          :
              Claimant-Appellee.
------------------------------------------------------------x


MEMORANDUM OF LAW OF CLAIMANT-APPELLEE
MANHATTAN TELECOMMUNICATIONS CORPORATION
<u>IN OPPOSITION TO MOTION FOR RECONSIDERATION</u>


DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000
Attorneys for Claimant-Appellee
Manhattan Telecommunications
Corporation d/b/a MetTel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In the Matter of                                   :     Case No. 01-B-15472 (SMB)
                                                         Chapter 11
BEST PAYPHONES, INC.,                              :

                    Debtor.                        :
------------------------------------------------------------x
BEST PAYPHONES, INC.,                              :

             Debtor-Appellant,                     :     Docket Nos. 07-CV-6170
                                                                     08-CV-2554 (PKC)
       -against-                                   :

MANHATTAN TELECOMMUNICATIONS                       :
CORPORATION,
                                                   :
             Claimant-Appellee.
------------------------------------------------------------x

MEMORANDUM OF LAW OF CLAIMANT-APPELLEE
MANHATTAN TELECOMMUNICATIONS CORPORATION
IN OPPOSITION TO MOTION FOR RECONSIDERATION

Preliminary Statement

This memorandum is submitted on behalf of claimant-appellee Manhattan Telecommunications Corporation d/b/a MetTel ("MetTel") in opposition to the motion for reconsideration of debtor-appellant Best Payphones, Inc. ("Best") of the Court's April 4, 2008 order dismissing without prejudice Best's appeals from two interlocutory Bankruptcy Court orders.

No matter what dubious tactical objective Best hopes to achieve by making this motion for reconsideration, it is clear that the relief Best seeks is neither appropriate nor necessary. On March 31, 2008, Best filed a Notice of Appeal (the "Final Notice of Appeal") from the final

judgment entered by the Bankruptcy Court on March 20, 2008.[1]  (A copy of Best's Final Notice of Appeal is annexed hereto as Exhibit A.)  The Final Notice of Appeal states that Best is appealing from, among other things, "(i) the Findings of Fact and Conclusions of Law related to MetTel's claim for unliquidated damages (e.g. lost profits) that arose from the 2000 NATelCo Agreement, entered May 9, 2007" and "(vii) the Order granting MetTel summary judgment related to Best's defenses that the rates charged under the 1998 NATelCo Agreement and the 2000 NATelCo Agreement were too high and that MetTel did not credit interest earned on the deposit that Best submitted in relation to the 2000 NATelCo Agreement, that was transferred to MetTel entered November 26, 2007."

Best thus included in its Final Notice of Appeal the two interlocutory determinations that were the subject of this Court's April 4, 2008 order.  Since those determinations will now be reviewed pursuant to Best's Final Notice of Appeal from the final judgment of the Bankruptcy Court – which is how even Best apparently understood that they should be reviewed – Best's application for reconsideration is both wasteful and legally baseless, and it should be denied.  Indeed, Best's motion for reconsideration is so wholly without merit that, under 28 U.S.C. § 1927, MetTel should be awarded the fees and expenses it incurred in opposing the motion.

Factual Background

Throughout this proceeding, Best has taken positions without regard to consistency, logic, or the law.  On May 29, 2007, Best filed a Notice of Appeal from a judgment dated May 17, 2007 (the "May 17 Judgment") determining MetTel's last remaining claim against Best.  By

---

[1] At the same time, Best filed a motion for reconsideration in Bankruptcy Court.  As explained more fully below, the motion for reconsideration seeks review of one of the interlocutory orders that Best claims on this motion may now independently be reviewed.  The relief Best seeks in its pending Bankruptcy Court reconsideration motion is thus in direct conflict with the relief sought in this reconsideration motion.

its terms, the May 17 Judgment stated that execution was stayed pending further order of the Bankruptcy Court and disposition of Best's remaining setoffs.

Although Best was the only party who filed a Notice of Appeal from the May 17 Judgment, once the appeal was docketed with this Court, Best immediately asked the Court to issue a stay of the appeal. To this end, Best's then-counsel sent this Court a letter on July 10, 2007 requesting a "pre-motion conference for the purpose of moving to determine whether the stayed judgment <u>is sufficiently final for purposes of appeal.</u>" (<u>See</u> Exhibit B hereto; emphasis added.) Best subsequently submitted an order, which the Court signed on August 30, 2007, staying the briefing of the appeal from the May 17 Judgment until after entry of a final judgment of the Bankruptcy Court disposing of all of the setoffs Best asserted against MetTel.

No appeal was taken from this Court's August 30, 2007 order, nor did Best claim – as it now does – that the May 17 Judgment dealt with a discrete issue which could properly be reviewed prior to entry of a final judgment determining the entire dispute between Best and MetTel. On the contrary, Best itself sought and obtained a stay of its appeal from the May 17 Judgment by expressing doubt about whether the May 17 Judgment was "sufficiently final" to be appealable.

On November 26, 2007, the Bankruptcy Court issued an order determining two of Best's remaining setoffs (the "November 2007 Order"). Best filed a Notice of Appeal on December 5, 2007, and that appeal was referred to this Court. It was not, however, until February 2008 that the last of Best's setoffs was disposed of. The Bankruptcy Court entered a final judgment on March 20, 2008. Ten days later, Best made a motion for reconsideration in Bankruptcy Court. One of the matters that Best asked the Bankruptcy Court to reconsider was the May 17 Judgment

which it tells this Court is a "discrete" order that the Court should now separately review as a final order. The Bankruptcy Court has not yet decided Best's reconsideration motion.

In making a motion for reconsideration in this Court claiming that the May 17 Judgment is a discrete order which is subject to appeal in the absence of a final judgment, Best has not only engaged in conduct which conflicts with its conduct in Bankruptcy Court, but has contradicted its own prior position that the May 17 Judgment was not sufficiently final to be appealable. Best has offered no explanation for its recent about-face, and none exists. Aside from making more work for MetTel and the Court by providing for the piecemeal appeal of interlocutory orders, there is no conceivable reason for asking this Court to reconsider its order dismissing Best's appeals from two interlocutory orders. The Bankruptcy Court entered a Final Judgment on March 20, 2008, and Best filed an appeal therefrom. To the extent that Best thinks the Bankruptcy Court erred in granting the May 17 Judgment or November 2007 Order, it can raise those issues in its appeal from the final judgment – and it has already done so in its Final Notice of Appeal. Best's motion for reconsideration is thus as unnecessary as it is baseless.

## ARGUMENT

### BEST HAS NOT COME FORWARD WITH ANY GROUNDS FOR RECONSIDERATION

Describing the burden on a party seeking reconsideration, this Court recently held in Islam v. Fischer, 2008 U.S. Dist. LEXIS 19796, at *2 (S.D.N.Y. Mar. 6, 2008):

> Parties bear a heavy burden in moving for reconsideration under Rule 59(e), Fed. R. Civ. P., and Local Civil Rule 6.3. Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

    court overlooked – matters, in other words, that might reasonably
    be expected to alter the conclusion reached by the court."

  (Citations omitted.)

  In this case, Best claims that the Court overlooked controlling legal authority in dismissing its appeals from non-final orders. There are four reasons why Best's position is baseless. <u>First</u>, Best never brought this "controlling" authority to the Court's attention. Rather, Best took the contrary position last year and successfully obtained a stay of the appeal it filed from the May 17 Judgment by questioning whether that judgment was sufficiently final to be appealable. (<u>See</u> Exhibit B hereto.) A court cannot overlook authority which the party seeking reconsideration never bothered to cite. <u>See</u> <u>Carolco Pictures, Inc.</u> v. <u>Sirota</u>, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (where defendants did not cite case in prior memoranda, they could not seek reargument by claiming court failed to consider that case in its decision). Having failed to present any authority suggesting that the May 17 Judgment could be appealed even though no final judgment had been entered – and having, in fact, taken the opposition position – Best cannot seek reconsideration by faulting the Court for overlooking "controlling" authority.

  <u>Next</u>, the authority Best now cites for the first time – <u>COR Route 5 Co., LLC</u> v. <u>Penn Traffic Co.</u>, 466 F.3d 75 (2d Cir. 2006) – in no way suggests that this Court erred in dismissing Best's appeals from two interlocutory Bankruptcy Court orders. The Second Circuit held in <u>Penn Traffic</u> that, while the concept of finality may be more flexible in the bankruptcy context than otherwise, "'even that flexibility is limited by the requirement that there be a final decision on the discrete issue at bar.'" <u>Id.</u>, 463 F.3d at 78 (citation omitted). Until the Bankruptcy Court ruled on the last of Best's setoffs, there was no final decision on the discrete issue in this proceeding – the total amount of money MetTel could recover from Best based on MetTel's proof of claim.

Third, Best neglected to disclose to this Court that, on March 31, 2008, it made a motion before the Bankruptcy Court for reconsideration of the May 17 Judgment. (See Exhibit C hereto.) The Bankruptcy Court has not yet ruled on that motion. Based on the pendency in Bankruptcy Court of Best's motion for reconsideration of the May 17 Judgment, even if the May 17 Judgment could otherwise be considered a discrete matter – and it cannot – an appeal of that judgment would have to await the Bankruptcy Court's ruling on Best's reconsideration motion and could not proceed now.

Finally, Best cannot show that, if this Court overlooked anything, what it overlooked was something "that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). By the time of this Court's April 4, 2008 order dismissing Best's appeals from the May 17 Judgment and November 2007 Order, a final judgment had been entered by the Bankruptcy Court, and Best had filed a Final Notice of Appeal from the final judgment. The Final Notice of Appeal expressly seeks review of the May 17 Judgment and the November 2007 Order. (See Exhibit A.) Thus, despite the dismissal of Best's prior appeals, the May 17 Judgment and November 2007 Order will both be ripe for review (once the Bankruptcy Court rules on the motion for reconsideration Best made there). Indeed, granting Best's motion for reconsideration would do nothing except create multiple appeals of the same issues at the same time. While Best may hope to derive some peculiar tactical advantage from the piecemeal submission of its appeals (even though they are all now part of its Final Notice of Appeal), the Court's resources would be wasted and MetTel would, once again, be put to unnecessary work.

MetTel can think of no legitimate reason why Best made this motion for reconsideration. The motion itself appears to be the handiwork of Best's principal; the motion was e-mailed to

MetTel from Best's principal's e-mail address, with a copy to Best's counsel (the person whose electronic signature appears on the moving papers), and another set of the papers was mailed to MetTel in an envelope bearing Best's principal's handwriting. (See Exhibit D hereto.) When this motion was made, Best had already served its Final Notice of Appeal which explicitly sought review of the two interlocutory determinations affected by this Court's April 4, 2008 order dismissing Best's prior notices of appeal without prejudice. Best thus knew that the dismissal of its interlocutory appeals would in no way prevent it from obtaining review of the May 17 Judgment or November 2007 Order. Moreover, Best has known since August 30, 2007 that its appeal from the May 17 Judgment would not be considered until after a final judgment was entered in the Bankruptcy Court. Indeed, Best was the party who sought to stay consideration of its appeal from the May 17 Judgment, and, between August 30, 2007 and April 18, 2008 (by which time final judgment had been entered), Best did nothing to seek review of the May 17 Judgment or November 2007 Order.

In short, Best's motion is so baseless and unnecessary as to be completely frivolous. It is ostensibly based on "controlling authority" which the Court not only could not have overlooked because the authority was not previously called to the Court's attention, but is actually contrary to the position Best took when it sought a stay a year ago. Under 27 U.S.C. § 1927, this Court has the power to sanction Best's counsel for engaging in conduct which "so multiplies the proceedings in any case unreasonably and vexatiously." See 60 East 80th Street Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities), 218 F.3d 109, 115 (2d Cir. 2000) ("'an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay'").

Because no legitimate basis for this motion for reconsideration exists, MetTel should be awarded the fees and costs it incurred in opposing the motion.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that this motion for reconsideration is ill-conceived, unnecessary, and without legal basis. Accordingly, it should be denied, MetTel should be awarded the fees and expenses it incurred in opposing the motion.

Dated: New York, New York
April 25, 2008

Respectfully submitted,

DUANE MORRIS LLP

By: *Fran M. Jacobs*
Fran M. Jacobs (FJ-0892)
fmjacobs@duanemorris.com
1540 Broadway
New York, NY 10036
(212) 692-1000
Attorneys for Claimant-Appellee
  Manhattan Telecommunications
  Corporation d/b/a MetTel

-8-