Exhibit B

# MAYNE MILLER
ATTORNEY-AT-LAW
21-55 45th Road
Long Island City, New York
P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
waywilman@gmail.com

July 10, 2007

<u>Via Fax 212-805-7949</u>
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *In re Best Payphones, Inc.*, Case No. 07-cv-6170 (PKC)
          Bankruptcy Court Case No. 01-B-15472 (SMB)

Dear Judge Castel:

I represent the Debtor in the above-referenced bankruptcy case, in which the Debtor has filed a Notice of Appeal from the Judgment, after a post-confirmation trial held in the Bankruptcy Court, pursuant to the Debtor's confirmed reorganization plan, allowing in full the claim of Manhattan Telecommunications Corporation ("MetTel"). The execution of that Judgment has been stayed pending the disposition of the remaining setoff claims by the Debtor against MetTel. The Debtor has filed its designation of items in the record and its statement of the issues on appeal, but the Claimant has not filed any counter-designation or counter-statement. It appears that the appeal was docketed on July 2, 2007, in the District Court and assigned to Your Honor, but I received neither E-mail notification of the filing nor notification by regular mail from the District Court (neither my E-mail address nor my office address nor my correct phone number appears on the docket sheet of the District Court case. The Clerk's office has been requested to correct these omissions.)

I write pursuant to Your Honor's rules to request a pre-motion conference for the purpose of moving to stay the appeal of the Judgment pending disposition of the Debtor's setoff claims and its defense[1], which could moot the entire appeal. Absent a stay, significant time and

---

[1] A proceeding is presently pending before the Federal Communications Commission ("FCC") that will determine if the maximum rate for interconnection service to public payphones, as determined recently by the New York State Public Service Commission to be approximately one-fourth the rate that the incumbent telephone company (Verizon) had previously been charging its payphone customers, should be applied retroactively. This decision will have great significance in this matter as Verizon's unlawful rate was used as the benchmark for the rate charged to the Debtor in the assigned contract that gave rise to MetTel's allowed claim. If the FCC enters a ruling favorable to the Debtor, this defense would eliminate MetTel's claim.

judicial resources could be wasted, since the record from the Judgment and prior Orders appealed from is quite voluminous—the transcript from the three-day trial alone runs to hundreds of pages. Alternatively, I request a pre-motion conference for the purpose of moving to determine whether the stayed Judgment is sufficiently final for purposes of appeal.

Finally, I request that when scheduling is addressed the Court take into consideration that I must file the initial brief in the appeal of an unrelated matter with the Second Circuit by August 1 and that I also must prepare for a trial during that time.

I should also like to inform the Court that I was not the attorney that was involved in the motions for summary judgment to dismiss MetTel's claim for lost profits, nor the attorney that defended the Debtor at the trial, nor the attorney during pre-trial discovery.

Thank you for your consideration of these matters..

    Very truly yours,

                         /s/ Mayne Miller
                         Mayne Miller, Esq. (MM-4106)

cc: Fran M. Jacobs, Esq. (Via Fax and E-mail)

---

entirely.